UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD LEO MONVILLE, II,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
                                             /

Case No. 10-cv-10894

HONORABLE STEPHEN J. MURPHY, III

**ORDER ADOPTING REPORT AND RECOMMENDATION** (docket no. 15)**, OVERRULING MONVILLE'S OBJECTIONS** (docket no. 16)**, GRANTING THE COMMISSIONER'S MOTION FOR SUMMARY JUDGMENT** (docket no. 14)**, AND DENYING MONVILLE'S MOTION FOR SUMMARY JUDGMENT** (docket no. 9)

      The Social Security Administration denied disability benefits under Title II of the Social Security Act to Ronald Leo Monville, II, in a decision issued by an administrative law judge ("ALJ") on February 5, 2009. Monville appealed the SSA's ruling by filing a lawsuit in this Court, pursuant to 42 U.S.C. § 405(g). The Court referred the matter to a magistrate judge, and the parties filed cross-motions for summary judgment. In a Report and Recommendation ("Report") issued on September 7, 2011, the magistrate judge recommended denying Monville's motion and granting the Commissioner of Social Security's ("Commissioner") motion.

      Monville filed four timely objections to the Report. He argues that the magistrate judge (1) failed to consider whether Monville's recurring back pain was an impairment with a duration longer than twelve months; (2) erred in determining that Plaintiff's daily activities were substantial evidence to support a finding that he has an ability to perform a limited range of sedentary work; (3) improperly affirmed the ALJ's decision to give little weight to

the opinion of Monville's treating physician and physician's assistant; and (4) wrongly affirmed the ALJ's finding that Monville's pain complaints were not fully credible. The Court concludes that none of these objections have merit. Accordingly, it will adopt the Report over the objections, grant the Commissioner's motion, deny Monville's motion, and dismiss the complaint with prejudice.

## STANDARD OF REVIEW

Recommendations on dispositive motions issued by a magistrate judge are reviewed pursuant to Civil Rule 72(b). The district judge who referred the motion is only required to perform a de novo review of the magistrate judge's findings if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In this case, Monville timely objected to four specific findings made by the magistrate judge. Those findings will be reviewed de novo by the Court.

In an application for disability benefits, the burden lies with the applicant to establish an entitlement to benefits. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). The Court only reviews the ALJ's determination to see if it is supported by "substantial evidence" and based on the proper legal standards. *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679 (6th Cir. 1989). This review gives great deference to the ALJ's conclusions. It is not the Court's role to displace the ALJ's judgment of the facts with its own view of the evidence unless the ALJ's view is completely unfounded. *See id.* ("We do not review the evidence *de novo*, make credibility determinations nor weigh the evidence.").

## STATEMENT OF FACTS

Monville's district court complaint focuses on the ALJ's consideration of his back issues. At the hearing, Monville alleged disability due to "bronchitis; asthma; chronic

obstructive pulmonary disease; [and] sleep apnea," in addition to back pain, and his "primary complaint [was] that his dyspnea [ie, shortness of breath] was debilitating." A.R. 39. He also reported having "diabetes mellitus, gout, kidney stones, and cholesterol problems." A.R. 39. He was taking, or had taken, at least a dozen different types of medication to treat these issues at the time of his hearing near the end of 2008. A.R. 39. This section recounts the facts relevant to Monville's back issues only.

Monville first experienced back pain after his retirement from service as a sheriff's deputy in January 2006. A.R. 40. Over time, he also felt radiculopathy, or pain caused by nerve interference, down his right leg. A.R. 40. Physicians treated Monville using steroids and injections, which he claimed were helpful, although residual pain remained. *Id.* "Severe," "incapacitating," and "disabling" back pain sent him to the hospital on July 12, 2007, and he received an operation to remove a portion of one of his lower vertebrae. A.R. 612. According to the treating surgeon, Dr. Gerald R. Schell, the procedure was successful. A.R. 644 ("[Monville] is very thankful that his pain is gone. He said that he walked about a mile the day after his surgery. . . . For the most part he is doing real well."). Dr. Schell noted in a post-operative report that Monville had "some persistent numbness" but "not . . . much in terms of pain." A.R. 644.

That October, Monville had an automobile accident. He complained afterwards of lower back pain. An examination by Dr. Schell revealed that the accident exacerbated some of his degenerative back issues, but caused no dramatic damage. A.R. 646 ("Mild degenerative changes of the lumbar spine without fracture or subluxation."). His prognosis was positive. A.R. 649 ("[W]e are hopeful that with a fair bit of time this should settle down . . . . [and] that we can continue him on conservative treatment."). On a return visit in January, Dr. Schell reported that while Monville had some "aches and pains," he no longer

had "severe pain" and his condition was "stable." A.R. 650. Dr. Schell affirmed a need for weight loss and moderate exercise on Monville's part in order to improve his condition. A.R. 650.

In March and April 2008, Monville had follow-up appointments with Dr. Schell's non-physician medical assistant, Steven Lackie. Monville reported to Lackie "a recurrence of his pain in his LS area on his right side. . . . going posterolaterally into that right leg, even down as far as his knee." A.R. 651. Monville also claimed that "he really can't do much as far as activities," and was trying to control the problem by "doing a lot of walking." A.R. 651. Lackie's notes from the visits are ambiguous as to the true severity of Monville's symptoms, and for the most part, they seem to reflect Monville's own complaints about the pain he was experiencing. A.R. 651 (noting "no evidence of long tract signs"; normal gait; normal Romberg and Babinski signs; intact sensations; and "no . . . true radiculopathy"); A.R. 654 ("I don't think he is having very severe pain, but it really seems like it is getting out of hand at this point to the point where he feels like he is having a recurrence of all of the symptomology that he had pre-operatively.").

At an administrative hearing conducted on December 18, 2008, Monville testified that he had been attending junior college full-time since 2006. A.R. 41. Despite his limitations, he was thriving in the program. A.R. 41. The classes involved long sitting periods with breaks in between, but Monville's professors allowed him to stand and stretch during class as needed. A.R. 41. The vocational expert who appeared at the hearing testified that Monville could perform work a significant number of jobs in the national economy, based on his experience and the residual functional capacity Monville retained despite his maladies. A.R. 43. After the hearing and a survey of all the medical evidence, the ALJ concluded that Monville was not disabled. A.R. 43.

4

## DISCUSSION

I.  Duration of Monville's Back Pain

Monville's first objection to the Report is that the ALJ and the magistrate judge "failed to consider whether Plaintiff's recurring back pain was an impairment subject to temporary remission" that might have lasted longer than twelve months. Objections ¶ 4, ECF No. 16. In his decision, the ALJ did not make an explicit finding on the duration of Monville's back condition. *See* 20 C.F.R. § 404.1509. The twelve-month durational requirement is relevant if the applicant has a "listed" impairment that entitles him to disability benefits, without recourse to an occupational analysis, at "step three" of the benefits determination process. *See* 20 C.F.R. § 404.1520(a)(4)(iii) ("If you have an impairment(s) that meets or equals one of our [listed conditions] and meets the duration requirement, we will find that you are disabled.").

In his written decision, the ALJ found that Monville did "not have an impairment or combination of impairments that meets or medically equals one of the listed impairments." A.R. 38. Monville has never argued that the ALJ erred at "step three" by finding that his back pain was not a "listed impairment." The twelve-month requirement is therefore not applicable here. In addition, the ALJ adequately considered the sporadic nature of Monville's illness at "step two" (determination of whether applicant suffers from a "severe impairment"), "step four" (whether applicant could perform past relevant work), and "step five" (whether applicant could make the adjustment to other work). Because the ALJ committed no legal error by failing to make an explicit durational finding, the Court will overrule the objection.

II.  Relevance of Daily Activities

Next, Monville argues that the "Report erred in finding that Plaintiff's daily activities were substantial evidence to support a finding that he has an ability to perform a limited range of sedentary work." Objections at ¶ 5. The Report, in line with the ALJ's opinion, reasoned that Monville's success as a full-time student demonstrated he was capable of substantial gainful activity. Report 21 ("[P]laintiff was able to complete a full time college workload. . . . [He] was enrolled in a college program which includes a mentoring component for a six hour block once a week and he reported that he was excelling in this program."). Monville argues that his coursework is not equivalent to a full-time work schedule, and contends that it cannot support a finding that he can "complete a limited range of sedentary work." *Id.*

Monville's objection improperly frames the question presented. The issue is whether Monville's studies show he is *capable* of holding down a full-time job, and not whether the two are equivalent. It was within the discretion of the ALJ to draw an inference of functional capacity from Monville's success as a student, in conjunction with other facts in the record suggesting that Monville's pain was not as limiting as he claimed. The cases Monville cites in his objections do not preclude such a finding. *See Parish v. Califano*, 642 F.2d 188, 191 (6th Cir. 1981) (discarding as erroneous an ALJ's "heav[y]" reliance on applicant's engagement in part-time course work with "restrictions, limitations, and intermissions" over a three-year period to conclude that applicant, who suffered from multiple sclerosis, was not disabled); *Walston v. Gardner*, 381 F.2d 580, 586–87 (6th Cir. 1967) (concluding that ability to "perform simple functions, such as driving, grocery shopping, dish washing and floor sweeping," was not sufficient basis for concluding applicant was capable of substantial gainful activity). The Court will therefore overrule the objection.

III.   Medical Opinions on Monville's Pain

Monville's third objection is that the Report fails "to give controlling weight to Dr. Schell's opinion [of July 12, 2007]." Objections ¶ 13. That opinion is the only one describing Monville's condition as debilitating. The ALJ gave this opinion little weight in determining Monville's functional capacity because Dr. Schell gave it prior to surgery and it was "inconsistent" with Monville's post-surgical progression. While it may be true, on a high level of generality, that the opinion is "consistent" with other medical opinions about Monville's back insofar as all of them report back pain, the opinion is "inconsistent" with that evidence in describing the *severity* of the back pain. Given the intervening events that took place after Dr. Schell made this observation, it was within the ALJ's discretion to discount the evidence as not highly probative of Monville's functional capacity. The Court cannot disturb that conclusion, and therefore, it must overrule the objection.

IV.   Monville's Complaints About His Pain

Monville's final objection concerns the ALJ's findings on the credibility of his pain complaints. The ALJ found, and the magistrate judge affirmed, that Monville's assertions that his pain was debilitating were not supported by substantial evidence. *See* 20 C.F.R. § 404.1529(a) ("[S]tatements about your pain or other symptoms will not alone establish that you are disabled . . . ."). To confirm the statements, Monville had to show (1) that there was "objective medical evidence of an underlying medical condition," and (2) either that this evidence "confirms the severity of the alleged pain arising from the condition," or that the condition "is of such a severity that it can reasonably be expected to produce the pain." *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ was also able to consider "other evidence" alongside the medical evidence in making

7

this determination, such as Monville's achievements as a student. *See* 20 C.F.R. § 404.1529(c)(3).

This objection must be overruled as well. Contrary to Monville's arguments, the ALJ did not predicate his ruling on a failure to provide "'objective evidence of the pain itself,'" *Duncan*, 801 F.2d at 847 (quoting *Green v. Schweicker*, 749 F.2d 1066, 1069 (3d Cir. 1984)). Nor did he reject Monville's claim "*solely* because the available objective medical evidence d[id] not support [Monville's] statements." 20 C.F.R. § 404.1529(c)(2). Rather, the ALJ rejected Monville's claims because they were belied by his success as a full-time college student. The medical history does suggest that Monville has some pain issues, but it is also inconsistent and ambiguous. Evidence of daily activities is particularly helpful to ALJs when the medical record is blurry, as it was in this case. *Id.* at § 404.1529(c)(3) ("Because symptoms, such as pain, are subjective and difficult to quantify, any symptom-related functional limitations and restricts which you . . . report, which can reasonably be accepted as consistent with the objective medical evidence and other evidence, will be taken into account . . . ."). It was within the ALJ's discretion to give significant weight to Monville's activities in rejecting his claim for disability benefits.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report (docket no. 15) is **ADOPTED** over Monville's objections (docket no. 16).

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (docket no. 14) is **GRANTED**, and Monville's motion for summary judgment (docket no. 9) is **DENIED**.

**IT IS FURTHER ORDERED** that this matter is **DISMISSED WITH PREJUDICE**.

**SO ORDERED**.

                        s/Stephen J. Murphy, III
                        STEPHEN J. MURPHY, III
                        United States District Judge

Dated: September 27, 2011

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 27, 2011, by electronic and/or ordinary mail.

                        Carol Cohron
                        Case Manager